UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 693 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT REESE | ) | |

## AGREED PROTECTIVE ORDER

WHEREAS the defendant has requested the production of videotaped interviews of three witnesses who are under the age of eighteen;

WHEREAS the government believes that two of the three witnesses were molested by defendant, and the interviews address alleged inappropriate contact between defendant and the minor children;

WHEREAS defendant's counsel has had an opportunity to review the videotaped interviews, but has requested that he be provided with copies of the interviews in order to prepare for defendant's sentencing hearing;

IT IS HEREBY ORDERED that the three videotaped interviews of minors provided by the United States may be utilized by defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and their contents shall not be disclosed, either directly or indirectly, to any person or entity other than defendant, defendant's counsel, defendant's expert (Dr. William Hillman), a court reporter who has been disclosed by defendant's counsel to the government, or such other persons as to whom the Court may authorize disclosure. The materials and their contents also may not be duplicated or reproduced in any form other than the creation of four transcripts of each video by a court reporter who has been disclosed to the government (one transcript for defendant's counsel, one transcript for

defendant's expert, one transcript for the Assistant United States Attorney, and one transcript for the Court), and one copy of each video for defendant's expert.

IT IS FURTHER ORDERED that any notes or records of any kind that defense counsel or defendant's expert may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant, defense counsel, and defendant's expert, or such other person as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party shall not refer to the minor children interviewed on the videotapes by name. Instead, any reference to the minor children in the videos in papers served upon the Court shall be by the minor's initials. Also, the videotapes and any transcripts of those videotapes shall not be filed in the public record unless they are filed under seal.

IT IS FURTHER ORDERED that prior to playing the three videotaped interviews during the sentencing hearing or other proceeding, the party seeking to play a portion or all of the videotaped interviews shall consult with the Court to ensure that appropriate measures are taken to protect the privacy of the minor children depicted on the videotapes.

IT IS FURTHER ORDERED that upon conclusion of the sentencing hearing and any appeals of this case or upon the earlier resolution of charges against the defendant, the videotapes of the three interviews, and any transcripts of those videotapes, shall be returned to the government, unless otherwise ordered by the Court. The Court shall require a certification as to the disposition of the three videotaped interviews and any transcripts of those videos.

Entered this 24th day of June, 2009.

JOAN HUMPHREY LEFKOW
United States District Judge